BASSFORD REMELE, P.A.
BRYCE D. RIDDLE (SBN #309533)
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: 612.333.3000
Facsimile: 612.333.8829
Email: briddle@bassford.com

*Attorneys for Defendant*
ABSOLUTE RESOLUTIONS INVESTMENTS, LLC

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr., <br><br> Plaintiff, <br><br> v. <br><br> ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, <br><br> Defendant. | CASE NO.: 2:24-CV-09093-WLH-MAA <br><br> **DEFENDANT ABSOLUTE RESOLUTIONS INVESTMENTS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> JUDGE: SERENA R. MURILLO <br> HEARING DATE: AUGUST 14, 2025 <br> TIME: 1:30 P.M. <br> COURT ROOM: 5D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on August 14, 2025, at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 5D at the above-entitled court located at the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, before the Honorable Serena R. Murillo, Defendant Absolute Resolutions Investments, LLC will and hereby does move this Court, pursuant to 28 U.S.C.

§ 1915(e)(2)(A), for an Order dismissing plaintiff Artis-Ray Cash, Jr.'s Complaint with Prejudice or, in the alternative, revoking Plaintiff's *in forma pauperis* status.

The Motion is brought on the following grounds:

1) Plaintiff's allegation of poverty in his Request to Proceed *In Forma Pauperis* was untrue and intentionally omitted Plaintiff's income and ability to pay costs to proceed in this action.

Defendant's Motion is supported by this Notice, the concurrently-filed Memorandum of Points and Authorities, the Declaration of Bryce D. Riddle, the documents filed in this action, and all other facts, evidence, and argument which the Court may or must consider in the determination of this Motion.

WHEREFORE, based on the foregoing, Defendant respectfully request that the Court grant their Motion and dismiss the Complaint in its entirety with prejudice.

## **Local Rule 7-3 Certification of Conference**.

This Motion is made following the conference of Defendant's counsel and Plaintiff pursuant to L.R. 7-3, which took place both through an exchange of emails between June 3 and 4, 2025, and through a telephone conference between Defendant's counsel and Plaintiff on June 19, 2025.

It is Defendant's position that Plaintiff filed an improper motion to proceed *in forma pauperis* by concealing prior settlement income. Plaintiff opposes this motion.

Dated: July 3, 2025.                               Respectfully submitted,

                                    **BASSFORD REMELE,**
                                    *A Professional Association*

                                  By:   */s/ Bryce D. Riddle*
                                            Bryce D. Riddle (SBN #309533)
                                            100 South 5th Street, Suite 1500
                                            Minneapolis, Minnesota 55402

Telephone: 612.333.3000
Facsimile: 612.333.8829
Email: briddle@bassford.com

*Attorney for Defendant Absolute Resolutions Investments, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Artis-Ray: Cash, Jr. ("Plaintiff") commenced the above-titled action by filing his Complaint on October 22, 2024. Plaintiff alleges claims against Defendant Absolute Resolutions Investments, LLC ("ARI") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") based on the allegation that it accessed Plaintiff's credit report without a permissible purpose. (ECF No. 1.)

Along with the Complaint, Plaintiff filed a Request to Proceed *In Forma Pauperis*, claiming to be unable to pay the costs associated with filing his Complaint and allegedly disclosing his financial assets. (ECF No. 2.) Plaintiff's statements to the Court were submitted under the penalty of perjury. (*Id.*)

Plaintiff is a serial litigant who has filed at least twenty-two actions in the Central District of California alone, including fifteen actions in the last year. Within Plaintiff's Request to Proceed *In Forma Pauperis*, Plaintiff knowingly and intentionally failed to disclose at least two recent litigation settlements as part of his income. Plaintiff's concealment of these settlements displays bad faith and an abuse of the *in forma pauperis* privilege. Pursuant to 28 U.S.C. § 1915(e)(2)(A), the appropriate remedy for Plaintiff's concealment is dismissal of Plaintiff's Complaint with Prejudice.

I. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF INTENTIONALLY CONCEALED MULTIPLE SETTLEMENTS IN HIS STATEMENT TO THE COURT.**

A. **Legal Standard.**

Proceeding in forma pauperis "is a privilege not a right." *Smart v. Heinze* (9th Cir. 1965) 347 F.2d 114, 116 (citing *Clough v. Hunter*, 191 F.2d 516, (10th Cir. 1951)). The plain language of the *in forma pauperis* statute requires that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . ." 28 U.S.C.A. § 1915(e)(2)(A). *See also Hampton v. City of Pomona Police Department,* No. 222CV09430FWSADS, 2023 WL 3317063, at *1 (C.D. Cal., Jan. 12, 2023) ("If the court determines 'the allegation of poverty is untrue,' it 'shall dismiss the case.'") (quoting 28 U.S.C. § 1915(e)(2)(A)).

A dismissal under § 1915(e)(2)(A) requires "a showing of bad faith, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015). This requirement is satisfied by "deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Roberts v. Beard*, No. 15-cv-1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). Moreover, if the applicant "knowingly provided inaccurate information on his or her IFP applications, the dismissal may be with prejudice." *Steshenko v. Gayrard*, Nos. 13-cv-03400-LHK, 13-cv-0498-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015). Indeed, courts have regularly dismissed actions with prejudice where "the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Owens v. Brewer*, No. 2:22-CV-1765 CSK P, 2025 WL 449290, at *2 (E.D. Cal., Feb. 10, 2025), report and recommendation adopted, No. 2:22-CV-1765 DJC CSK P, 2025 WL 895234 (E.D. Cal., Mar. 24, 2025); *see also Artis-Ray Cash Jr. v. Diverse Funding Associates, LLC*, Case No. 2:24-

cv-010354-WLH-SK at ECF No. 39; *Artis-Ray Cash Jr. v. Experian Information Solution, Inc. et al.*, Case No. 8:25-cv-00165-JWH-ADS at ECF No. 29.

To determine whether a plaintiff has acted in bad faith in the submission of *in forma pauperis* information, the Court may consider a plaintiff's litigation experience, as well as plaintiff's knowledge and familiarity with the *in forma pauperis* process and system. *Id.* (citing *Vann v. Comm'r of the N.Y.C. Dep't of Corr.*, 496 F. App'x 113 (2d Cir. 2012)).

### B. Plaintiff has Intentionally Withheld and Concealed Monetary Settlements in His *In Forma Pauperis* Request to this Court.

Since August 15, 2023, Plaintiff has filed twenty actions in the Central District of California. (*See* Declaration of Bryce Riddle, ¶ 2.)[1] In each of these cases, Plaintiff filed a request to proceed *in forma pauperis*. (*Id.* at ¶ 3.) In one such case, Plaintiff was found to have filed a false *in forma pauperis* application, which Plaintiff did not contest. Instead, Plaintiff attempted to justify his concealment.

In *Artis Ray: Cash Jr. v. Experian et al.*, Defendant Monterey Financials Services, LLC ("Monterey") moved to dismiss Plaintiff's Complaint due to his intentional withholding of financial information in Plaintiff's *in forma pauperis* request. (Case No. 8:25-cv-00165-JWH (ADSx) at ECF No. 22.) Specifically, Monterey alleged that Plaintiff withheld information regarding settlement funds received in several of his Central District of California actions. (*Id.*) In response, Plaintiff did not deny the concealment but attempted to justify withholding information from his *in forma pauperis* application on the basis that the "terms of those settlements were private[.]" (*Id.*, ECF No. 24 at p. 4.)

---

[1] "A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." *United States v. Raygoza-Garcia* (9th Cir. 2018) 902 F.3d 994, 1001 (citing Fed R. Evid. 201(b)); *see also Lammey v. Glenn Valley Inn, LLC* (C.D. Cal., July 23, 2021, No. 221CV01157MWFMAAX) 2021 WL 4464194, at *2 (taking judicial notice of "a list of Plaintiff's cases filed in California federal court from PACER.").

The Court, in reviewing Plaintiff's justification (or lack thereof) for concealing the settlement funds, determined that it was bound to dismiss Plaintiff's Complaint. Tellingly, Plaintiff neither disputed the income obtained through prior settlements nor adequately explained the omissions in that case or in others filed in the Central District of California. (*Id.*, ECF No. 29 at pp. 2-3.)

Similarly, the defendant in *Artis-Ray Cash Jr. v. Diverse Funding Associates, LLC* moved to dismiss Plaintiff's Complaint on the same false *in forma pauperis* grounds. (Case No. 2:24-cv-10354-WLH-SHK at ECF No. 26.) In that case, Plaintiff failed to respond to defendant's motion at all. (*Id.*, ECF No. 37.)

Again, the Court dismissed Plaintiff's complaint due to his "repeated concealment of income in prior IFP applications" and held that Plaintiff's allegation of poverty was untrue and in bad faith." (*Id.*, ECF No. 39 at p. 4.)

Here, Plaintiff has filed an identical Request to Proceed *In Forma Pauperis* that conceals the settlement funds obtained by Plaintiff. (*See* ECF No. 2.) Question 2 of the application asks Plaintiff "Have you received, within the past 12 months, any money from any of the following sources?" and includes a catchall provision for "[a]ny other income (other than listed above)." (*Id.*) Plaintiff, under penalty of perjury, checked "no" for all sources. (*Id.*)

By Plaintiff's own admission, settlement funds for at least two of Plaintiff's Central District of California cases were obtained (and concealed) within the twelve months preceding Plaintiff's *in forma pauperis* application. (*See* Riddle Dec. at ¶¶ 8-10, Exs. A, B.)[2] In one of these cases, Plaintiff demanded $2,000,000 in damages. (*See Artis-Ray Cash Jr. v. Midland Credit Management, Inc. et al.*, Case No. 2:23-cv-10126-HDV-SSC, ECF No. 1.) In the other,

---

[2] Plaintiff initiated two additional lawsuits in his name in the past twelve months which have since settled. *See* Riddle Decl., ¶¶ 2(x) and 2(xiv). These payments, however, were directed to be paid to Plaintiff's LLC despite Plaintiff filing the lawsuit in his personal capacity. These settlements arguably required disclosure as well, given the benefit inures to Plaintiff.

Plaintiff demanded "compensation totaling $13.6 million[.]" (*See Artis-Ray Cash, Jr. v. Midland Credit Management*, Inc. et al., Case No. 2:23-cv-10126-HDV-SSC, ECF No. 18.)

As this Court held, Plaintiff has "deliberately concealed his prior settlement income in order to gain access to th[e] Court without prepayment of filing fees. *See Cash v. Experian Information Solutions, Inc. et al*., case No. 8:25-cv-00165-JWH (ADSx) (Riddle Dec. ¶ 12, Ex. C.)

Pursuant to 28 U.S.C. § 1915(e)(2)(A), the remedy for Plaintiff's intentional concealment is dismissal with prejudice.

### C.  Plaintiff is a Serial Litigant Who Concealed Income in Bad Faith.

Plaintiff is a serial litigant that routinely and, as a matter of practice, withholds and conceals required financial information on his *in forma pauperis* applications. For example, in *Cash v. Caesers Entertainment, Inc.*, Plaintiff initially submitted a Request to Proceed *In Forma Pauperis* alleging he was unemployed and had no sources of income. Case No. 2:23-cv-10570-JFW-PVC (C.D. Cal. Feb. 5, 2024). The court, recognizing this unlikelihood, postponed ruling on Plaintiff's request due to the lack of financial information submitted. *Id.* at (ECF. No. 8.) Plaintiff then submitted revised financial information from which the court determined that Plaintiff had the ability to pay the required filing fees. *Id*. at (ECF. No. 12.)

Plaintiff's prolific litigation history in this Court, coupled with the monetary settlements obtained in several of these actions, reveals that Plaintiff is a sophisticated litigant that is familiar with this Court's procedures and requirements, and should have been disqualified from obtaining IFP status . *See Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal., Aug. 2, 2019) (rejecting the claim that plaintiff's omission was a simple oversight due to plaintiff's experience litigating cases pro se and IFP in federal court).

More troubling is that Plaintiff has been on notice of the inaccuracies in his *in forma pauperis* applications since at least April 7, 2025, and has failed to correct or amend his

applications in both this action and others pending before this Court.[3] (Riddle Dec. at ¶ 11.) Plaintiff's Complaint should be dismissed with prejudice based on Plaintiff's bad faith concealment of his settlement income.

## CONCLUSION

Plaintiff's failure to disclose his settlement income was no mere mistake. Instead, Plaintiff's litigation history, experience, and sophistication reveal a scheme to abuse the *in forma pauperis* privilege. Accordingly, Defendant Absolute Resolutions Investments, LLC respectfully requests that this Court dismiss Plaintiff's Complaint with Prejudice.

Dated: July 3, 2025                               Respectfully submitted,

                                          **BASSFORD REMELE,**
                                          *A Professional Association*

                                          By:    */s/ Bryce D. Riddle*
                                                   Bryce D. Riddle (SBN #309533)
                                                   100 South 5th Street, Suite 1500
                                                   Minneapolis, Minnesota 55402
                                                   Telephone:   612.333.3000
                                                   Facsimile:   612.333.8829
                                                   Email: briddle@bassford.com

                                          *Attorney for Defendant Absolute Resolutions Investments, LLC*

---

[3] In contrast, Plaintiff is quick to provide allegedly updated financial information and move for reconsideration when a request to proceed *in forma pauperis* is denied. (Riddle Dec. at ¶ 4-6.)