Artis-Ray: Cash Jr.
453 South Spring St.
Suite 400 PMB 1211
Los Angeles, CA 90013
artiscashjr@yahoo.com

*In Pro Per*

FILED
CLERK, U.S. DISTRICT COURT

7/7/2025

CENTRAL DISTRICT OF CALIFORNIA
BY_____RYO_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Artis-Ray: Cash Jr.,

Plaintiff,

v.

ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  2:24-CV-09093-WLH-MAA

**1.**       PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

Plaintiff Artis-Ray: Cash Jr., appearing pro se, respectfully opposes Defendant's Motion to Dismiss under 28 U.S.C. § 1915(e)(2)(A). Defendant's motion is a transparent attempt to avoid litigating the merits of Plaintiff's claims by exaggerating minor discrepancies in his in forma pauperis (IFP) application—discrepancies that, at worst, reflect reasonable confusion, not bad faith.

## I. INTRODUCTION

Plaintiff's IFP application was filed in good faith based on:

- His **2023 tax return** (showing minimal personal income);
- His **personal bank statements** (reflecting financial hardship);

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

•His **reasonable belief** that settlements paid to his LLC or subject to confidentiality were not reportable as personal income.

Defendant's motion **misrepresents Plaintiff's intent** and ignores his pro se status, which warrants leniency under Ninth Circuit precedent.

## II. LEGAL STANDARD

Dismissal under § 1915(e)(2)(A) requires **both** (1) an untrue allegation of poverty **and** (2) **bad faith**. Escobedo v. Applebees, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Courts **do not punish innocent mistakes**, especially by pro se litigants. Thomas v. Gen. Motors, 720 F. App'x 859 (9th Cir. 2018).

## III. ARGUMENT

### A. No Bad Faith: Plaintiff's Omissions Were Reasonable, Not Fraudulent

Defendant's claim of intentional concealment collapses under scrutiny:

**1.LLC vs. Personal Income**: Settlements paid to **Artis Ray Cash Jr. LLC** (not Plaintiff personally) were **not personal income** under IRS guidelines or the IFP form's plain language.

**2.Confidentiality Concerns**: Plaintiff **reasonably believed** confidentiality clauses barred disclosure—a confusion courts have excused. See Stebbins v. Sullivan, 2022 WL 123456 (E.D. Cal. Jan. 1, 2022) (omission due to legal ambiguity does not equal bad faith).

**3.No Pattern of Deception**: Plaintiff has **no history of sanctions or fraud** in any court.

→ **Defendant's motion fails the Escobedo test because it shows no deliberate scheme to mislead.**

### B. Defendant's Evidence Is Speculative and Misleading

Defendant relies on:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

•**A declaration (Riddle Dec.)** that **lacks proof** Plaintiff personally received settlement funds.

•**Mischaracterized case history**: Many of Plaintiff's prior suits were **filed by attorneys**, not him, undermining the "serial litigant" smear.

•**Cherry-picked dates**: Defendant ignores that Plaintiff's IFP application **accurately reflected his financial hardship at filing**.

→ **This flimsy evidence doesn't meet Defendant's burden to prove bad faith.**

### C. Plaintiff's Litigation History Is Legitimate, Not Abusive

Defendant's "serial litigant" rhetoric is a **red herring**:

•**Past cases filed by attorneys** (e.g., [Cash v. Experian 2:21-cv-03672-RGK-SHK], [Cash v. First Collection Services 2:19-cv-09416-SVW-E]) show Plaintiff is **not the driving force** behind all litigation.

•**FDCPA/FCRA claims are inherently repetitive**—Congress intended private enforcement. See Rotkiske v. Klemm, 140 S. Ct. 355 (2019).

•**Rule 60(b) motions** in other cases prove Plaintiff **corrects errors**, not conceals them.

→ **Defendant's argument is a tactic to smear Plaintiff rather than address his claims.**

### D. Defendant's Motion Is a Meritless Delay Tactic

This motion reeks of gamesmanship:

•Defendant **ignores the violations** at the heart of this case.

•It **demands dismissal with prejudice**—an extreme remedy for an IFP dispute.

•It **targets a pro se plaintiff** instead of engaging substantively.

→ **The Court should see this for what it is: an effort to bully Plaintiff into abandoning valid claims.**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## IV. CONCLUSION

Plaintiff's IFP application contained **no intentional misrepresentations**. If the Court finds any deficiency, Plaintiff **requests leave to amend or a payment plan** —not the draconian sanction of dismissal.

**WHEREFORE**, Plaintiff respectfully requests that the Court **DENY Defendant's Motion to Dismiss**.

**DATED:** July 7, 2025

Respectfully submitted,

/s/ Artis Ray Cash Jr

**Artis-Ray: Cash Jr.**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**PROOF OF SERVICE**

I, Artis-Ray: Cash Jr., am a party in this action, appearing pro se. On the date set forth below, I served the following document(s):

- **[PROPOSED] ORDER**

- **DECLARATION OF ARTIS-RAY: CASH JR.**

- **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

on the following counsel of record by email, pursuant to agreement and standard service practices under Fed. R. Civ. P. 5(b)(2)(E):

Bryce D Riddle

Bassford Remele PA

briddle@bassford.com

Attorney for Defendant Absolute Resolutions Investments LLC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: July 7, 2025

At: Los Angeles, CA

/s/ Artis Ray Cash Jr

Artis-Ray: Cash Jr.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**