BASSFORD REMELE, P.A.
BRYCE D. RIDDLE (SBN #309533)
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone:   612.333.3000
Facsimile: 612.333.8829
Email: briddle@bassford.com

*Attorneys for Defendant*
ABSOLUTE RESOLUTIONS INVESTMENTS, LLC

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ABSOLUTE RESOLUTIONS INVESTMENTS, LLC,<br><br>　　　　　　　Defendant. | CASE NO.:  2:24-CV-09093-WLH-MAA<br><br>**REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANT ABSOLUTE RESOLUTIONS INVESTMENTS, LLC'S MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff Artis-Ray: Cash, Jr. ("Plaintiff") admits that his Request to *Proceed In Forma Pauperis* (ECF No. 2) contains material omissions and that he intentionally withheld information regarding his income, including income related to settlements reached in this District, within the last year. Plaintiff's concealment constitutes bad faith and an abuse of the *in forma pauperis* privilege. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(A), Plaintiff's Complaint against Defendant Absolute Resolutions Investments, LLC ("ARI") must be dismissed.

# ARGUMENT

### A.     Plaintiff Admits That He Intentionally Concealed His Income.

A Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) when a plaintiff "'deliberate[ly] conceal[s] … income in order to gain access to a court without prepayment of filing fees[.]'" *Roberts v. Beard*, No. 15CV1044-WQH-RBM, 2019 WL 3532183, at *3-4 (S.D. Cal. Aug. 2, 2019) (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (quoting *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)). Moreover, if the applicant "knowingly provided inaccurate information on his or her IFP applications, the dismissal may be with prejudice." *Steshenko v. Gayrard*, Nos. 13-cv-03400-LHK, 13-cv-0498-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

Plaintiff mistakenly cites *Thomas v. Gen. Motors Acceptance Corp.* for the proposition that courts do not punish innocent mistakes by pro se litigants. 288 F.3d 305, 307 (7th Cir. 2002)[1]. But *Thomas* found that a dismissal with prejudice may be the only feasible sanction for a pro se litigant's false allegation of poverty, as a "monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets." *Id*.

Plaintiff's opposition does not claim mistake or inadvertence in omitting income from his IFP application. Instead, Plaintiff claims that these "[o]missions were [r]easonable." (ECF No. 29, at p. 2.)

> i.   *Plaintiff's scheme to direct settlement funds to his LLC does not justify falsifying his true income*

First, Plaintiff makes the baffling argument that settlement proceeds paid to Artis Ray Cash Jr. LLC arising out of his personal litigation are not personal income. (*Id*.) Setting aside

---

[1] Plaintiff mistakenly cited "*Thomas v. Gen. Motors*, 720 F. App'x 859 (9th Cir. 2018)," which does not exist. It is believed that Plaintiff intended to cite to *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002) instead.

Plaintiff's interpretation of the tax code, Plaintiff's admission that settlement funds were directed towards his LLC reveals a scheme to conceal settlement proceeds rather than an innocent omission or a misreading of the IFP application instructions.

The IFP application uses plain language to ask if Plaintiff received any money from enumerated sources, including "[b]usiness, profession or form of self-employment" and "[a]ny other income." (ECF No. 2.) Plaintiff did not list his settlement income as required and, instead, used his LLC to shield the required disclosure from this Court.

> ii.   *Plaintiff's declarations under the penalty of perjury are not subservient to private contractual obligations*

Plaintiff relies on *Stebbins v. Sullivan* for the proposition courts have excused omissions when based upon a reasonable belief that a confidentiality clause bars such disclosure. (ECF No. 29 at p. 2.) Neither the case nor its sequential citation of 2022 WL 123456 appear to exist.

There is no authority to support Plaintiff's argument that false information may be submitted to the Court due to a confidentiality clause in a settlement agreement. "The freedom to contract is not so elastic as to permit witnesses to contract away their solemn obligation to provide truthful testimony under oath." *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-CV-00333-JDL, 2014 WL 12726543, at *4 (D. Me. Sept. 5, 2014).

Plaintiff submitted an *in forma pauperis* application that was not "true, correct and complete." (ECF No. 2).

### B.    Plaintiff Has Been Previously Sanctioned by The Court for His Conduct.

Plaintiff again misleads the Court by proclaiming that he has "no history of sanctions or fraud in any court." (ECF No. 29 at p. 2.)

In *Artis Ray: Cash Jr. v. Experian et al.* the Court determined that "Cash's allegations of poverty was untrue" and "Cash deliberately concealed settlement income in order to gain access to this Court without prepayment of filing fees." (Case No. 8:25-cv-00165-JWH (ADSx) at ECF No. 29 at p. 3.) As a sanction for this fraud, the Court dismissed Plaintiff's claims with prejudice.

The Court in *Artis-Ray Cash Jr. v. Diverse Funding Associates, LLC* held that Plaintiff had a history of "repeated concealment of income in prior IFP applications," that Plaintiff's "allegation of poverty was untrue and made in bad faith", and dismissed Plaintiff's Complaint with prejudice. (Case No. 8:25-cv-00165-JWH (ADSx) at ECF No. 39 at p. 4.)

Plaintiff's failure to recognize these court orders as both a finding of fraud and the imposition of sanctions reveal that any sanction short of dismissal of this case with prejudice will be insufficient.

## CONCLUSION

Defendant Absolute Resolutions Investments, LLC respectfully requests that this Court dismiss Plaintiff's Complaint with Prejudice. Any remedy other than complete dismissal of this action supports Plaintiff's continued justification of his scheme to abuse the *in forma pauperis* privilege.

Dated: July 18, 2025                               Respectfully submitted,

**BASSFORD REMELE,**
*A Professional Association*

By:    */s/ Bryce D. Riddle*
       Bryce D. Riddle (SBN #309533)
       100 South 5th Street, Suite 1500
       Minneapolis, Minnesota 55402
       Telephone:    612.333.3000
       Facsimile:    612.333.8829
       Email: briddle@bassford.com

*Attorney for Defendant Absolute Resolutions Investments, LLC*

## **CERTIFICATE OF SERVICE:**

I, Bryce D. Riddle, declare as follows:

I am a resident of the State of Minnesota, over the age of eighteen years, and not a party to the within action. My business address is 100 South 5th Street, Suite 1500, Minneapolis, Minnesota 55402.

On July 18, 2025, I served the within REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANT ABSOLUTE RESOLUTIONS INVESTMENTS, LLC'S MOTION TO DISMISS by enclosing a true copy in a sealed envelope addressed to the following non-CM/ECF participant(s):

> Artis-Ray: Cash, Jr.
> 453 South Spring Street
> Suite 400 PMB 1211
> Los Angeles, CA 90013

and depositing the envelope in the United States mail at Minneapolis, Minnesota with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2025 at Minneapolis, Minnesota.


　　__/s/ Bryce D. Riddle_____

　　Bryce D. Riddle